UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOEL NUNEZ,

        Plaintiff,

                                                                   **ORDER**

        -against-                                    23-CV-07752 (NCM) (JMW)

AUTOMALL PAYROLL SERVICES, LTD. *et al.*,

        Defendants,
------------------------------------------------------------------X

**A P P E A R A N C E S:**

    Joshua Alexander Bernstein, Esq.
    **Josh Bernstein P.C.**
    447 Broadway, 2nd Fl.
    New York, NY 10013
    *Attorney for Plaintiff*

    Ian E. Hannon, Esq.
    **Simmons Jannace DeLuca, LLP**
    43 Corporate Drive
    Hauppauge, NY 11788
    *Attorney for Defendant Automall Payroll Services, Ltd.*

    Thomas Joseph Jannace, Esq.
    **Simmons Jannace DeLuca, LLP**
    54 Main Street
    Farmingdale, NY 11735
    *Attorney for Al Defendants*

**WICKS,** Magistrate Judge:

Plaintiff, Joel Nunez, commenced this suit against Automall Payroll Services, Ltd., doing business as Atlantic Honda; Sunrise Automall LLC, doing business as Atlantic Honda; and Rob Kiernan (collectively "Defendants") alleging claims of employment discrimination pursuant to New York's Labor Law § 215 and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.

Currently before the Court is Defendants' letter motion to compel discovery and request for an extension of the discovery deadlines. (ECF No. 21.) For the reasons that follow, Defendants' motion is **GRANTED** in its entirety.

## BACKGROUND

Plaintiff worked for Defendants in August 2020 as a Sales and Leasing Consultant. (ECF No. 1 ¶ 6.) He alleges that he excelled at his job and has "sterling performance records." (*Id*. ¶ 7.) However, Plaintiff alleges that when he notified Defendants that he intended to take paternity leave beginning on June 15, 2023 after the birth of his child, he was instead fired without reason before his leave was to begin. (*Id*. ¶¶ 9, 12.) He claims that he was terminated "in clear retaliation" for his taking leave or Defendants' actions "clearly interfere[] with [his] taking of leave and the benefits due to him during leave." (*Id.* ¶ 14.)

Plaintiff filed the Complaint on October 17, 2023 (ECF No. 1) and Defendants filed their Answer shortly thereafter (ECF No. 12). The Court held an Initial Conference on January 11, 2024 (ECF No. 17) and set a discovery schedule (ECF No. 18).

Relevant here, is that Plaintiff currently lives in Florida. (ECF No. 1 ¶ 2.) On April 11, 2024, Defendants submitted a letter to the undersigned outlining several discovery issues (ECF No. 19.), including that Plaintiff refuses to provide documents regarding his move to Florida. These documents are pertinent to Defendants' defenses—particularly that Plaintiff "was not entitled to paid leave because he voluntarily terminated his employment [by representing that he was moving to Florida] before his leave began and had no intention of returning to work for defendants." (*Id*.) The Court held a status conference with the parties on April 12, 2024, and Plaintiff agreed to provide the relevant documents for his residency in Florida. (ECF No. 20.)

Despite Plaintiff's agreement to produce the documents back in April, Defendants now file a letter motion to compel Plaintiff to produce the lease for his Florida residence and extend the discovery deadlines. (ECF No. 21.) Defendants assert they cannot proceed with Plaintiff's deposition until they receive the lease. (*Id*. at 2.) It does not appear that the parties dispute the lease's relevance. In fact, in Defendants' letter, Defendants state that the parties met and conferred on May 22, 2024 and "Plaintiff's counsel advised that the lease would be provided" once he gets it from Plaintiff. (*Id*. at 1.) Counsel advised *two more times* thereafter that the lease would be provided, but it never was. (*Id*. at 1-2.) Now for the first time on July 22, 2024, Plaintiff claims that he does not have possession of a copy of the lease and will have to reach out to the apartment complex. However, Plaintiff have not done so, and three months have elapsed since the undersigned originally directed him to produce the lease. (*Id*. at 2.)

## DISCUSSION

### A. Motion to Compel

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

As relevant here, Fed. R. Civ. P. 34 requires production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. In other words, a party bears the obligation not only to produce responsive documents over which it has actual physical possession or custody, but also those over which the party has "control" over, that is, the legal right to obtain them, even though the records may not be in its

3

current "possession" or "custody."  If a party has the "practical ability to obtain and produce the documents" then he has "possession, custody, or control" over such document.  *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).  In other words, "'[c]ontrol' does not require actual physical possession of the documents at issue." *Mirlis v. Greer*, 80 F.4th 377 (2d Cir. 2023). "[W]here it is beyond dispute that a defendant served with a discovery demand to produce documents had both access to, and the ability to obtain the documents for, its usual business, the defendant must produce the documents pursuant to the discovery demand."     *In re Andover Togs, Inc.*, 231 B.R. 521, 547 (Bankr. S.D.N.Y. 1999) (internal citations omitted).

Plaintiff here has not shown that he is without the practical ability to obtain the lease from the apartment complex's office.  *See Bank of New York v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion.").  Indeed, Plaintiff's counsel himself "represented that his client may need to reach out to the apartment complex to obtain a copy of the lease."  (ECF No. 21 at 2.) Thus, even if Plaintiff is not in personal possession of the lease himself, he must retrieve the lease in other feasible ways before stating that he has complied with all discovery demands under the Federal Rules.  *Mintz Fraade Law Firm, P.C. v. Brady*, No. 19-CV-10236 (JMF), 2021 U.S. Dist. LEXIS 29610, (S.D.N.Y. Feb. 17, 2021) ("Although [defendant] no longer had access to his old [] emails because the account was 'expired,' the record reflects no efforts made by [defendant] to inquire whether…he could otherwise obtain access to them."); *see also Enders v. Boone*, 1:19-CV-948 (BKS/CFH), 2021 U.S. Dist. LEXIS 147551, at *7 (N.D.N.Y. Aug. 6, 2021) ("As defendants have demonstrated that they have an 'ability to obtain the documents,'

4

through a history of voluntary cooperation with DTF, the documents can be considered to be 'under defendants' control.'") (internal citations omitted). For these reasons, on or before August 15, 2024, Plaintiff is directed to take steps necessary to obtain a copy of the Florida apartment lease so that discovery, including Plaintiff's deposition, can proceed.

### B. Motion for an Extension of Time to Complete Discovery

After meeting and conferring, the parties agreed that an extension of the discovery deadlines would be necessary. (ECF No. 21 at 2.) However, the parties did not state how much time they would need to complete discovery. Nonetheless, in light of the issues raised in Defendants' letter motion, the Court finds good cause to extend the discovery schedule as follows:

- All discovery shall conclude on or before August 31, 2024;
- The last date for the parties shall take the first step of summary judgment is September 9, 2024; and
- The Final Pre-Trial Conference originally scheduled for August 26, 2024 has been rescheduled to September 26, 2024 at 11:00 AM.

### CONCLUSION

For the foregoing reasons, Defendants' motion to compel and extend discovery deadlines is granted in its entirety. (ECF No. 21.)

Dated: Central Islip, New York
      July 30, 2024

S O  O R D E R E D:

*/S/ James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge